UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CIV-23008-GAYLES/TURNOFF

**BENTLEY J. BLUM,**

    **Plaintiff,**

v.

**UNITED STATES OF AMERICA,**

    **Defendant.**
_____/

## SETTLEMENT AGREEMENT

Plaintiff, Bentley J. Blum, by and through the undersigned counsel, ("Plaintiff") and Defendant, the United States of America, by and through the undersigned Assistant United States Attorneys, ("United States") hereby stipulate and agree as follows:

1.)  In January 2015, the United States obtained a judgment against Plaintiff for approximately $4,406,340.66, plus interest, in the case of *United States of America v. Federal Resources Corporation, et. al.*, Case No.: 11-cv-00127-RCT.

2.)  In February 2015, pursuant to 28 U.S.C. § 3201(a), the United States filed an abstract of judgment in Miami-Dade County, Florida.  The abstract of judgment created a lien in favor of the United States pursuant to 28 U.S.C. § 3201(a) on all of Plaintiff's real property in Miami-Dade County.

3.)  Plaintiff owns property at 15811 Fisher Island Drive Miami, Miami-Dade County, Florida ("Fisher Island Property").

4.)  The Fisher Island Property is the subject of the above-captioned case pending before the United States District Court for the Southern District of Florida.

5.)     On or about August 11, 2015, Plaintiff filed a Verified Complaint against the United States (D.E. #1) in the above-captioned case.

6.)     On or about August 18, 2015, Plaintiff filed a Verified Motion for Declaratory Judgment (D.E. #5) against the United States.

7.)     Plaintiff and Plaintiff's wife, Laura Utley, currently own the Fisher Island Property as tenants by the entireties (D.E. #412 at 10 filed in 11-cv-00127-RCT).

8.)     Under 28 U.S.C. § 3010(a) and Florida law, the Fisher Island Property is immune from execution, levy, and sale by the United States until severance of the tenancy by the entireties estate (as referenced in D.E. #412 at 10 filed in 11-cv-00127-RCT).

9.)     The lien filed by the United States does not "attach to and presently encumber the entireties estate" (D.E. #412 at 12 filed in 11-cv-00127-RCT). Instead, the lien attaches to the future interest of Plaintiff (D.E. #412 at 13 filed in 11-cv-00127-RCT). Therefore, the United States' lien encumbers the Fisher Island Property to the extent of the Plaintiff's future interest (D.E. #427 at 8 filed in 11-cv-00127-RCT).

10.)    As such, the United States will not disrupt the use and enjoyment of the Fisher Island Property by Plaintiff and Ms. Utley while it is held by them in tenancy by the entireties.

11.)    In addition, the United States will not seek to foreclose or execute on the Fisher Island Property while it is held in tenancy by the entireties by Plaintiff and Ms. Utley.

12.)    The Plaintiff will pay $25,000.00 ("Settlement Funds") to the United States on or before the closing date of the closing on the Fisher Island Property. Within five (5) business days of receipt of the Settlement Funds from the Plaintiff, the United States will file a Release of Lien as to the Fisher Island Property in the records of Miami-Dade County, Florida but this release shall not affect the United States' potential future interest in the proceeds of any sale of the Fisher Island Property.

13.)    If the Fisher Island Property is to be sold or title transferred, the Plaintiff shall provide notice to the United States five (5) business days prior to the closing on the Fisher Island Property by forwarding a copy of the purchase and sale agreement and HUD-1 Settlement Statement or Closing Disclosure Form.   If the Fisher Island Property is to be sold under any agreements existing at the time of the execution of this settlement agreement, Plaintiff shall still provide notice to the United States five (5) business days prior to closing and forward a copy of the most up-to-date purchase and sale agreement and HUD-1 Settlement Statement or Closing Disclosure Form.

14.)    If Plaintiff and Ms. Utley sell the Fisher Island Property as tenants by the entireties with the requisite intent to treat the proceeds consistently as tenancy by the entireties property, the United States recognizes that it has no right to those proceeds unless and until the proceeds of the sale are not treated as tenancy by the entireties property in accordance with Florida law.

15.)    If the Fisher Island Property is sold and Plaintiff seeks to exempt the proceeds of the sale based on the Florida homestead exemption upon an application for a remedy sought by the United States against those proceeds, the United States agrees that Plaintiff is entitled to an exemption as to the proceeds unless and until the proceeds are not treated like homestead proceeds in accordance with Florida law.

16.)    None of the above-numbered paragraphs affect the United States' right and priority based on the lien that the United States currently holds related to the Fisher Island Property as such rights have been herein described and as described by the U.S. District Court for the District of Idaho in the case of *United States of America v. Federal Resources Corporation, et. al.*, Case No.: 11-cv-00127-RCT (the "Idaho Action").

17.)    Within five (5) business days after receiving the Settlements Funds pursuant to Section 12, the United States agrees to move the court in the Idaho Action to dissolve the Writs of Garnishment directed to Madison Title Agency, LLC, and Joe Nakash (D.E. #424 and D.E. #425 filed in 11-cv-00127-RCT), and provide copies of any motions and orders related to the dissolution of the Writs of Garnishment to Madison Title Agency, LLC and Plaintiff's counsel.

18.)    Payment of the Settlement Funds shall be made by Fed Wire Electronic Funds Transfer (EFT) to the U.S. Department of Justice in accordance with written instructions to be provided to Plaintiff following execution of the Settlement Agreement by the Financial Litigation Unit of the U.S. Attorney's Office for the District of Idaho.  In the alternative, payment may be made in the form of a Cashier's Check payable to the United States Attorney, District of Idaho, and mailed to the United States Attorney's Office, Attn: Kathy Sims, 800 E. Park Blvd., Suite 600, Boise, ID 83712.

19.)    The parties acknowledge that they have read the terms of this Settlement Agreement and have reviewed the Settlement Agreement with their respective independent legal counsel.  The parties acknowledge that they fully understand each term, definition, and provision of this Settlement Agreement, and all provisions contained herein shall be construed according to their common meaning and without interpretative favor or prejudice to any party.  Each party has made such investigation of the facts pertaining to this Settlement Agreement and of all matters pertaining hereto as it deems necessary.  Each party has entered into this Settlement Agreement freely, voluntarily, with full knowledge, and without duress.

20.)    Each party waives any claim contesting the existence and adequacy of the consideration given with respect to this Settlement Agreement.

21.)    This Settlement Agreement represents the entire agreement and understanding between the parties regarding the above-captioned case.  Any prior or contemporaneous written

or oral agreements between the parties hereto regarding this case are superseded by this Settlement Agreement. There are no representations, warranties, or covenants other than as set forth herein.

22.) No amendment, modification, or waiver of this Settlement Agreement shall be valid unless in writing and signed by both parties.

23.) Nothing in this Settlement Agreement shall serve as a waiver of any of either parties' rights, remedies or defenses, including any available pursuant to the Federal Debt Collection Practices Act, in the Idaho Action.

24.) Upon execution of this Settlement Agreement, Plaintiff shall file a dismissal, with prejudice, of the above-captioned case in the Southern District of Florida, and each party shall bear its own costs and attorney's fees.

25.) The Court shall retain jurisdiction to enforce the terms of this Settlement Agreement.

26.) This Settlement Agreement may be signed in counterparts, each of which shall be deemed an original and all of which, collectively, shall be considered a single Settlement Agreement.

[signature page to follow]

Executed this _22_ day of November, 2015, by:

_____
BENTLEY J. BLUM
*Plaintiff*
15811 Fisher Island Drive
Miami Beach, Florida 33109

Executed this 23rd day of November, 2015, by:

_____
BRIAN GEOFFREY WINGER
Florida Bar No.: 679801
*Counsel for Plaintiff, Bentley J. Blum*
The Bernstein Law Firm
3050 Biscayne Boulevard, Suite 403
Miami, Florida 33137

Executed this 23RD day of November, 2015, by:

WIFREDO A. FERRER
United States Attorney

By: _____
ANNIKA M. MIRANDA
Assistant United States Attorney
Florida Bar No.: 64975
*Counsel for Defendant,*
*United States of America*
99 N.E. 4th Street, Suite 300
Miami, Florida 33132

Executed this 23rd day of November, 2015, by:

WENDY J. OLSON
United States Attorney

By: _____
WILLIAM M. HUMPHRIES
Assistant United States Attorney
Washington State Bar No.: 44452
*Counsel for Plaintiff,*
*United States of America*
in *United States of America v. Federal Resources*
*Corporation, et. al.*, Case No.: 11-cv-00127-RCT
Washington Group Plaza IV
800 East Park Boulevard, Suite 600
Boise, Idaho 83712

6